[794 NYS2d 428]

In the Matter of JOHN W. TIMBERS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 2, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* and *Susan Korenberg* of counsel), for petitioner.

*John W. Timbers*, Stamford, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The respondent was suspended from the practice of law in the State of Connecticut for a period of six months by order of the Superior Court, Stamford/Norwalk Judicial District at Stamford, dated August 2, 2000.

In response to the Grievance Committee's motion pursuant to 22 NYCRR 691.3, the respondent requested a hearing and raised two of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c): the proceeding in Connecticut was so lacking in notice and opportunity to be heard as to constitute a deprivation of due process; and there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duties, accept as final the findings of the Connecticut court.

In addition, this Court authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based on charges unrelated to the disciplinary proceeding in the State of Connecticut. Pursuant to that authorization, the Grievance Committee served the respondent with a petition containing two charges of professional misconduct. After a pretrial conference on February 9, 2004, and a hearing on March 23, 2004, the Special Referee sustained both charges and found that the defenses raised by the respondent to the imposition of reciprocal discipline were without merit.

The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems necessary. The respondent has submitted an "Objection to the Report of the Special Master" in which he objects to the confirmation of the Special Referee's report. While the respondent agrees with the Grievance Committee's position that he should not be entitled to practice law in New York until he pays his arrears and reregisters with the Office of Court Administration (hereinafter OCA), he requests that no additional sanction be imposed beyond the admonition that he has already received for failing to reregister, because the reason he has not reregistered was a lack of money rather than a willful refusal to reregister. The respondent represented that he would be receiving funds on June 16, 2004, after which he would pay the arrears, await confirmation from OCA, and submit proof of same to the Court in the posture of a supplemental submission. He failed to do so.

The respondent further maintains that the Court should decline to impose reciprocal discipline upon him because the lack of notice of the charges on which the Connecticut proceeding is based deprived him of due process.

Charge One of the petition alleges that the respondent failed to properly reregister as an attorney with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), 22 NYCRR 118.1 (b), and Judiciary Law § 468-a.

After being admitted to practice, the respondent was required to file a registration statement with OCA, pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (b). The respondent was also required to reregister on a biennial basis, pursuant to Judiciary Law § 468-a and 22 NYCRR 118.1 (b). In August 2000 the Grievance Committee notified the respondent that an investigation had been commenced with respect to his failure to reregister as an attorney. On or about March 21, 2001, in response to the Grievance Committee's inquiries, the respondent filed a registration statement and paid the required registration fees for the periods 1988-1989 and 1990-1991. To date, the respondent has failed to reregister for the periods 1992-1993, 1994-1995, 1996-1997, 1998-1999, and 2000-2001.

Charge Two alleges that the respondent failed to comply with a lawful directive of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On or about May 20, 2002, the Grievance Committee issued an admonition to the respondent for his failure to reregister as an attorney for the periods 1992-1993, 1994-1995, 1996-1997, 1998-1999, and 2000-2001. In the admonition, the Grievance Committee directed the respondent to reregister forthwith and provide proof of compliance within 90 days of his receipt of the admonition. To date, the respondent has failed to comply with that directive.

Inasmuch as the allegations of professional misconduct were established by a fair preponderance of the evidence, the Special Referee properly sustained Charges One and Two.

Furthermore, the respondent has failed to establish any of the two defenses to the imposition of reciprocal discipline raised in his answer to the Grievance Committee's motion pursuant to 22 NYCRR 691.3. Accordingly, it is submitted that the Grievance Committee's motion should be granted in its entirety.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that respondent was issued an admonition, dated May 20, 2002, for failing to reregister with OCA for five registration periods from 1992 to 2001. The admonition directed the respondent to reregister within 90 days, and advised him that failure to comply would subject him to further discipline including a suspension.

Notwithstanding the respondent's contention that this Court should impose no further discipline beyond the admonition he has already received, he has failed to establish any of the enumerated defenses to the imposition of reciprocal discipline and has not submitted any proof that he has reregistered. Under the totality of circumstances, the respondent is suspended from the practice of law in New York for a period of one year, based on both his Connecticut misconduct and the two charges contained in the petition.

FLORIO, J.P., H. MILLER, RITTER, SANTUCCI and KRAUSMAN, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that the respondent, John W. Timbers, is suspended from the practice of law for a period of one year, commencing June 2, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to

practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John W. Timbers, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John W. Timbers, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).